IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BRIAN J. KELLY, Debtor, and
PAUL L. KELLY, Creditor,

                                                                 OPINION AND ORDER

Appellants,

                                                                 13-cv-633-bbc

     v.

PETER F. HERRELL, Trustee,

Appellee.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This case arises out of an involuntary petition filed on December 12, 2002 under chapter 7 of the Bankruptcy Code against debtor Brian Kelly. Debtor and his father, creditor Paul Kelly, are proceeding pro se and appealing several interlocutory orders and decisions made by the Bankruptcy Court for the Western District of Wisconsin. They have raised the following issues in their appeal: (1) whether fraud deprived the bankruptcy court of jurisdiction over the chapter 7 proceeding; (2) whether the bankruptcy court erred in entering seven orders between November 1, 2012 and June 24, 2013 without giving notice to debtor and his creditors or holding a fair hearing; (3) whether the bankruptcy court erred in finding on January 17, 2012 that issues concerning the parties' settlement agreement had been resolved by stipulation; (4) whether United States Bankruptcy Judge Catherine Furay erred in transferring the case to another judge on May 14, 2013; (5) whether the bankruptcy court erred in not requiring Trustee Peter Herrell to file bankruptcy schedules and a

statement of affairs when debtor was unable to do so; and (6) whether this court should withdraw this proceeding from the bankruptcy court under 28 U.S.C. § 157(d).

I am dismissing the appeal because none of the issues raised by appellants are properly before this court. Because appellants have failed to develop any argument regarding the fifth and sixth issues related to the filing of bankruptcy schedules and § 157(d), those grounds are waived. I also find that this court does not have appellate jurisdiction over most of the remaining issues because appellants failed to challenge the underlying decisions within 14 days, as required under Fed. R. Bankr. P. 8001(a)-(b) and 8002(a)-(b). Although appellants raised timely challenges to the May 14, 2013 transfer of the case to another judge (issue #4) and orders issued on April 25, April 30 and June 24, 2013 (a portion of issue #2), all four decisions are unappealable interlocutory decisions under 28 U.S.C. § 1292(b).

The following facts are drawn from the bankruptcy court record, Bankr. Case No. 02-18037. Because this case has an exhaustive procedural history spanning almost twelve years, only those events relating to the issues raised on appeal are summarized below.

BACKGROUND

On December 12, 2002, three creditors filed an involuntary petition under chapter 7 of the Bankruptcy Code against debtor. Dkt. #1. Debtor moved to dismiss the petition, alleging a number of defects, including that the petitioners had brought "sham" claims. Dkt. #3. In February 2003, the bankruptcy court denied the motion and ordered debtor to answer the petition. Dkt. #10. The court construed debtor's subsequent failure to answer

the petition as a consent to the entry of the order of relief. Dkt. ##14 and 214 at 1. On April 8, 2003, debtor filed a motion to convert the case from chapter 7 to chapter 13 of the Bankruptcy Code, which the bankruptcy court granted on April 17, 2003. Dkt. ##25, 32. At a hearing on June 30, 2003, the bankruptcy court reconverted the case from a chapter 13 case to a chapter 7 case and replaced William Chatterton with Appellee Peter Herrell as trustee. Dkt. #62.

On January 17, 2012, after more than nine years of litigation, the bankruptcy court held a hearing on the trustee's motion to approve settlement under Fed. R. Bankr. P. 9019. Dkt. #232. The agreement authorized the trustee to accept a sum certain from the debtor for release of any and all interest in real estate that was the property of the bankruptcy estate. Dkt. #237. On January 26, 2012, United States Bankruptcy Judge Thomas Utschig entered an order approving the agreement. Dkt. #235.

On June 4, 2012, the trustee moved for Rule 9024 relief from the January order approving the settlement, indicating that the payment had not been made and the trustee wished to auction the real estate to the highest bidder. Dkt. #255 at 1. Judge Utschig entered an order on August 3, 2012, giving Patricia Kelly, debtor's mother, until October 17 to pay the stipulated amount or the court would enter an order granting the trustee's request. Dkt. #248. Because the trustee informed the court on October 23 that no payment had been made, Judge Utschig entered an order on November 1, 2012, relieving the trustee of the settlement order and authorizing the auction of the real estate. Dkt. #253. On November 15, 2012, appellants filed a motion for correction and reformation of the

November 1 order, arguing that it was entered without notice to them or a fair hearing. Dkt. #254. Judge Utschig denied the motion on November 16, 2012. Dkt. #255.

On April 18 and 23, 2013, the trustee filed an application and two proposed orders seeking the court's approval to hire an auctioneer. Dkt. ##257-59. Bankruptcy Judge Furay entered the order on April 25, 2013. Dkt. #260. Appellants and Patricia Kelly filed objections to the order on April 26 and 29, 2013, dkt. ##261-63, which Judge Furay denied on April 30, 2013, dkt. #264.

On May 14, 2013, appellants filed a motion requesting that Judge Furay recuse herself and vacate the April 25 and 30 orders. Dkt. #266. The same day, Judge Furay transferred the case to Chief Bankruptcy Judge Robert Martin for further proceedings. Dkt. #267. On May 15, 2013, appellants objected to the transfer on the grounds that the order did not address the motion to vacate and resulted in Judge Furay's "select[ing] the replacement judge." Id. At a preliminary hearing held on June 24, 2013, Judge Martin denied the motion to recuse and motion to vacate. Dkt. #272.

On June 28, 2013, appellants filed a notice of appeal in which they stated that they were challenging the bankruptcy court's jurisdiction and orders entered by the court on November 1 and 16, 2012; April 18, 23 and 25, 2013; May 14, 2013; and June 24, 2013. Dkt. #273.

4

OPINION

Appellants have identified the following six issues in their appeal:

1. Whether fraud deprived the bankruptcy court of jurisdiction over the chapter 7 proceeding;

2. Whether the bankruptcy court erred in entering seven orders between November 1, 2012 and June 24, 2013 without giving notice to debtor and his creditors or holding a fair hearing;

3. Whether the bankruptcy court erred in finding on January 17, 2012 that issues concerning the parties' settlement agreement had been resolved by stipulation;

4. Whether Judge Furay erred in transferring the case to Judge Martin on May 14, 2013;

5. Whether the bankruptcy court erred in not requiring the trustee to file bankruptcy schedules and a statement of affairs when debtor was unable to do so; and

6. Whether this court should withdraw this proceeding from the bankruptcy court under 28 U.S.C. § 157(d).

As the trustee points out, appellants devote most of the discussion in their brief to the first issue and why they believe that the involuntary petition was invalid. Although appellants have at least mentioned issues two through four, they have not explained why this court should grant their motions on the fifth and sixth issues. As a result, I consider that appellants have waived their arguments related to the filing of bankruptcy schedules and § 157(d). Central States, Southeast and Southwest Areas Pension Fund v. Midwest Motor Express, Inc., 181 F.3d 799, 808 (7th Cir. 1999) ("Arguments not developed in any meaningful way are waived."); Goren v. New Vision International, Inc., 156 F.3d 721, 727

5

(7th Cir. 1998) (perfunctory arguments not developed or supported with authority are waived).

The trustee argues that the remaining issues are either untimely raised or constitute unappealable administrative matters or interlocutory decisions for which appellants have not obtained leave of court to appeal. In the alternative, the trustee contends that to the extent that appellants properly raised an issue, they rely on incorrect or irrelevant information.

### A. Timeliness

Under 28 U.S.C. § 158(a), a party may appeal a final order, and in some circumstances an interlocutory order, of a bankruptcy court to an appropriate district court. The bankruptcy code provides that the appellant must file a notice of appeal with the clerk within 14 days of the date of the entry of the judgment, order or decree appealed from. Fed. R. Bank. P. 8001(a)-(b) and 8002(a)-(b). The 14-day deadline is "mandatory and jurisdictional." Stelpflug v. Federal Land Bank of St. Paul, 790 F.2d 47, 49 (7th Cir. 1986). When an appellant fails to file a timely notice of appeal, the district court is deprived of appellate jurisdiction and must dismiss the appeal. In re Schultz Manufacturing Fabricating Co., 956 F.2d 686, 689 (7th Cir. 1992). A motion for relief from an order under Rule 9024, the bankruptcy counterpart to Fed. R. Civ. P. 60, tolls the time to file an appeal but only if it is filed within 14 days of the challenged order. Fed. R. Bankr. P. 8002(b)(4); In re Bryson, 131 F.3d 601, 602 (7th Cir. 1997) (timely motion under Rule 9024 tolls time for filing an appeal).

1. Issue #1: Jurisdiction

Appellants' time for challenging the bankruptcy court's jurisdiction in this case has long passed. Debtor first raised this issue in his January 2003 challenge to the involuntary petition, which was denied in February 2003. Because debtor did not file a motion for relief from that order under Rule 9024, no tolling applies. Although appellants have raised the jurisdictional issue as part of other challenges over the past eleven years, the issue was never properly before the bankruptcy court again. Further, as trustee points out, this case has twice been on appeal to this court. In re Kelly, 2008 WL 4889518 (W.D. Wis. Nov. 12, 2008); In re Kelly, 392 B.R. 750 (W.D. Wis. 2007). As a result, this issue is untimely.

2. Issue #2: Orders with lack of notice or hearing

Appellants state that they are challenging orders entered by the bankruptcy court on November 1 and 16, 2012; April 18, 23 and 25, 2013; May 14, 2013; and June 24, 2013. Appellants' challenges to the November 1 and 16 orders relieving the trustee of the settlement order and authorizing the auction of the real estate are untimely because no tolling applies and the orders are more than a year old. Although the trustee had filed *proposed* orders on April 18 and 23, 2013, the bankruptcy court did not enter an order on either of those dates.

The timeliness of the challenges to Judge Furay's April 25 and 30 orders approving the hiring of an auctioneer is a closer call. Appellants objected to the April 25 order within 14 days, which tolled their time to file an appeal until Judge Furay issued a denial of that

7

motion on April 30. Within 14 days of that order, on May 14, 2013, appellants filed a motion to vacate the April orders on the ground that Judge Furay had a conflict of interest. Although it is not entirely clear that appellants' motion to vacate qualifies as a Rule 9024 motion that would toll the time to file an appeal, I will give them the benefit of the doubt and consider it a properly filed motion for relief solely for purposes of deciding the appeal. Judge Furay immediately transferred the case to another judge, and appellants objected on May 15, 2013, arguing in part that the order did not address the motion to vacate. Judge Martin denied that objection on June 24, 2013. Appellants then filed a timely notice of appeal on June 28, 2013. As a result, the appeal of the April 25, April 30, May 14 and June 24 orders is timely.

3. Issue #3: January 2012 order regarding stipulated settlement

Because appellants never challenged the bankruptcy court's January 2012 order approving the settlement agreement, the time for appealing that issue in this court has long expired.

4. Issue #4: Motion for recusal and to vacate

As explained in conjunction with Issue #2, appellants' appeal of the May 14 and June 24, 2013 orders denying their motion for recusal and their motion to vacate is timely.

B.  Interlocutory Appeals

Remaining are appellants' challenges to the bankruptcy court's April 25, April 30, May 14 and June 24 orders approving the appointment of an auctioneer and the transfer of the case to Judge Martin.  The trustee argues that appellants' objections constitute an impermissible interlocutory appeal because the bankruptcy court has not yet issued a final order disposing of the case.  Finality in a bankruptcy appeal under 28 U.S.C. § 158(d), however, is "considerably more flexible than in an ordinary civil appeal."  Wellness International Network, Ltd. v. Sharif, 727 F.3d 751, 777 (7th Cir. 2013) (quoting In re Gould, 977 F.2d 1038, 1040–41 and n.2 (7th Cir. 1992)).  It does not require the termination of the entire bankruptcy proceeding.  Id. at 778.  "Rather, the test for finality in this context 'is whether an order resolves a discrete dispute that, but for the bankruptcy, would have been a stand-alone suit.'"  Id. (quoting Zedan v. Habash, 529 F.3d 398, 402 (7th Cir. 2008); In re USA Baby, Inc., 674 F.3d 882, 883 (7th Cir. 2012)).  The Court of Appeals for the Seventh Circuit has acknowledged, however, that there is a difference between a "discrete dispute" and a "discrete issue."  In re Comdisco, Inc., 538 F.3d 647, 651 (7th Cir. 2008) (finding that "a decision or order that resolves only an issue that arises during the administration of a bankruptcy estate is too small a litigation unit to justify treatment as a final judgment").

In this case, appellants' claims do not present issues that ordinarily would constitute a freestanding lawsuit.  They simply object to the proposed auctioneer and the transfer to

9

a particular judge in the bankruptcy court. Both objections concern administrative matters within the course of a larger lawsuit. As a result, the appeal of these issues is interlocutory.

Under 28 U.S.C. § 158(a)(3), federal district courts have jurisdiction to hear appeals from interlocutory orders with leave of the court. In re Salem, 465 F.3d 767, 774 (7th Cir. 2006) (party seeking interlocutory appeal must seek leave of district court). Although appellants have not asked for leave of court to file an interlocutory appeal as required under § 158, I will grant them the benefit of the doubt and construe their appeal as including such a request.

Neither § 158 nor the Federal Rules of Bankruptcy Procedure discuss the standards by which a district court is to determine whether to grant leave to appeal from an interlocutory order. Instead, district courts generally look to 28 U.S.C. § 1292(b), the analogous statute governing interlocutory appeals from district to circuit courts. E.g., In re Sandenhill, Inc., 304 B.R. 692, 694 (E.D. Pa. 2004); In re ANR Advance Transportation Co., 302 B.R. 607, 612-13 (E.D. Wis. 2003); In re Dino's, Inc., 183 B.R. 779, 781 (S.D. Ohio 1995). Under § 1292(b), an interlocutory appeal should be heard only if the appeal concerns "a controlling question of law as to which there is substantial ground for difference of opinion and [] an immediate appeal from the order may materially advance the ultimate termination of the litigation." Appellants have not shown and it is not evident from the record that either the approval of an auctioneer or the transfer of a bankruptcy case to a different judge raises a question about the controlling law or would result in the ultimate

termination of the bankruptcy proceedings. Accordingly, I conclude that appellants' challenges constitute an improper interlocutory appeal and must be dismissed.

ORDER

IT IS ORDERED that the appeal filed by Debtor Brian Kelly and Creditor Paul Kelly, dkt. #1, is DENIED.

Entered this 19th day of March, 2014.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge