IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BRIAN J. KELLY, Debtor, and
PAUL L. KELLY, Creditor,

                                              OPINION AND ORDER

                  Appellants,

                                                  13-cv-633-bbc

      v.

PETER F. HERRELL, Trustee,

                  Appellee.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Debtor Brian Kelly and his father, creditor Paul Kelly, (the appellants) are proceeding pro se in this bankruptcy case involving a chapter 7 involuntary petition. On March 19, 2014, I dismissed appellants' appeal of several interlocutory orders and decisions made by the Bankruptcy Court for the Western District of Wisconsin because none of the issues raised by appellants were properly before this court. Appellants have appealed that order to the Court of Appeals for the Seventh Circuit and have asked this court to stay the bankruptcy proceedings pending that appeal under Fed. R. Bankr. P. 8005. Dkt. #27.

Fed. R. Bankr. P. 8005 provides that "[a] motion for a stay of the judgment, order, or decree of a bankruptcy judge . . . or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance." However, a motion for such relief may be made to the district court as long as the movant shows why he did not obtain relief from the bankruptcy judge. Id. Appellants contend in their reply brief that they did not seek relief from the bankruptcy court because it would have been futile. They complain that

United States Bankruptcy Judge Catherine Furay refused to recuse herself and did not vacate two orders that she had entered even though she had served previously as debtor's bankruptcy attorney. Dkt. #38. However, as discussed in this court's previous order, Judge Furay transferred appellant's case to Chief Bankruptcy Judge Robert Martin immediately after appellants filed a motion requesting that she recuse herself and vacate her two orders. Dkt. #31 at 4. Any concerns that appellants may have had about Judge Furay's impartiality have been mooted by the transfer of the case to Judge Martin.

To the extent that appellants believe that Judge Martin's rulings in their case show bias against them, this is not a reason to allow them to circumvent the bankruptcy court. The fact that a judge or court has ruled previously against a party does not constitute bias. Liteky v. United States, 510 U.S. 540, 555 (1994) (by themselves, judicial rulings almost never constitute a valid basis for a bias or partiality motion); United States v. Slaughter, 900 F.2d 1119, 1126 n.5 (7th Cir. 1990) (bias and prejudice must be personal, not based on particular judicial proceeding). Accordingly, appellants' motion to stay the proceedings in the bankruptcy court will be denied.

ORDER

IT IS ORDERED that the motion to stay pending appeal filed by Debtor Brian Kelly

and Creditor Paul Kelly, dkt. #27, is DENIED.

Entered this 11th day of June, 2014.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge